UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-10790-CJC-SK | Date | February 4, 2021 |
|---|---|---|---|
| Title | Parvin Joseph Tanner v. Warden | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Erica Valencia | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a California state prisoner serving a 23-year-plus sentence for robbery and false imprisonment. (*See* Cal. Ct. App. No. B299517).[1] That sentence includes a ten-year enhancement under California state law for use of a firearm. (*See* Cal. Ct. App. No. B304511). In 2019, the California Department of Corrections and Rehabilitations (CDCR) recommended that the Los Angeles County Superior Court exercise its newly provided discretion under California Senate Bill 620 to recall Petitioner's sentence and resentence him without the firearm enhancement. (*See* Cal. Ct. App. No. B299517). Unfortunately, the state trial court declined to exercise that discretion and never recalled Petitioner's sentence under SB 620. (*Id.*).

Petitioner now seeks to challenge that state trial court's adverse decision here in federal court under 28 U.S.C. § 2254. (ECF 1). But federal habeas relief is available under § 2254 only if Petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982). A California state court's decision not to exercise its resentencing discretion authorized by a new California state statute—even if it is wrong—cannot be reviewed in federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("[A] state court's misapplication of its own sentencing laws does not justify federal habeas relief[.]"). That conclusion is the same even if Petitioner is also arguing that he would have a right to be present at a resentencing hearing with assistance of counsel. (ECF 1 at 3-11). While those arguments could be construed as federal constitutional claims in the abstract, they hinge on a predicate fact that doesn't exist here: the state court's decision to recall Petitioner's sentence and hold a resentencing to begin with. *See* Cal. Penal Code § 1170 (d)(1). In other words, any federal rights that Petitioner may have to be present with counsel at a resentencing hearing never even come into play until a state trial court—first and foremost—decides to recall his sentence and resentence him under

---

[1] The Court takes judicial notice of Petitioner's prior state court proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-10790-CJC-SK | Date | February 4, 2021 |
|---|---|---|---|
| Title | Parvin Joseph Tanner v. Warden | | |

SB 620.  But there is no jurisdiction under § 2254 for a federal court to force that outcome in a California state court.  (Petitioner may, of course, try to appeal or collaterally attack the state trial court's refusal to resentence him in the California state appellate courts as allowed by California state law and procedures.)

      For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** by **March 8, 2021** why the Court should not dismiss the petition for lack of jurisdiction.  Petitioner may discharge this order by voluntarily dismissing the action with the attached Form CV-09.  Otherwise, Petitioner must file a timely response to this order if he wants to avoid involuntary dismissal for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

    **IT IS SO ORDERED.**